**MATKOFF, SHENGOLD, BURKE,**
**BLYWEISS & ARBITTIER**
By: *Michael-John Goodnow, Esquire*
I.D. # 41656
mjgoodnow@matkoffshengold.com
Suite 2500
1101 Market Street
Philadelphia, PA 19107
(215)-922-6073                                                    **Attorney for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARLO EATON**<br>63109 Saunders Street – Apartment B4<br>Rego Park, NY 11374<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br>Department of Justice<br>10th & Constitution Avenue NW<br>Washington, DC 20530 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### COMPLAINT

1. Jurisdiction is founded under the Federal Tort Claims Act, 28 U.S.C. Section 1346(b).

2. Defendant, the U.S. Department of Veterans Affairs, is a federal agency governed by the laws and statutes of the United States of America.

3. The matter in controversy does not exceed the sum of one-hundred-fifty thousand ($150,000.00) Dollars.

4. Not more than six (6) months prior to the filing of this action, the claims set forth herein were denied by the U.S. Department of Veterans Affairs.

5. Plaintiff, Marlo Eaton ("Plaintiff"), is an adult individual, citizen, previous resident of the Commonwealth of Pennsylvania, and current resident of the Commonwealth of New York, residing at 63109 Saunders Street, Apartment B4, Rego Park, NY 11374.

6. Defendant, the United States of America, is the federal government and maintains its principle offices at 10th & Constitution Avenue NW, Washington, DC 20530.

7. At all times relevant hereto, Defendant, the United States of America, was the owner and/or tenant and was in possession of premises located at 3900 Woodland Ave, Philadelphia, PA 19104 ("Premises") and was responsible for maintenance and care of said Premises.

8. At all times relevant hereto, Defendant, the Department of Veterans Affairs, also known as VA Hospital, acting on behalf of Defendant, the United States of America, was a tenant of 3900 Woodland Ave, Philadelphia, PA 19104, occupying said Premises and, as such, was responsible for maintenance and care of the Premises.

9. On or about October 25, 2018, at or about 12:00 P.M., the Plaintiff was lawfully walking through the parking garage of the Department of Veterans Affairs, which was adjacent to South University Avenue, when her feet came into contact with a certain dangerous condition resulting from an uneven, unlevel and bumpy accumulation and/or deposit of minerals, stone, cement, and/or otherwise, which caused the Plaintiff to be thrown from her position and to sustain serious and permanent personal injuries hereinafter more fully set forth.

10. As a result of the accident, the Plaintiff has sustained injuries including, but not limited to, medial and right meniscal tears; left lateral meniscal tear; left ankle sprain and strain; lumbar sprain and strain; right wrist sprain, as well as injuries to her muscles, nerves and bones, all of which injuries may be permanent or cause a serious and permanent impairment of bodily function.

11. As a further result of the accident, the Plaintiff has been in the past and may be in the future prevented from attending to her usual activities, duties, and occupations to her great financial detriment and loss.

12. As a further result of the accident, the Plaintiff has in the past and may in the future be

caused to suffer from worry, anxiety, apprehension and frustration.

13. As a further result of the accident, the Plaintiff has in the past and may in the future suffer from humiliation, embarrassment, and degradation.

14. As a further result of the accident, the Plaintiff has in the past and may in the future experience great physical, mental and emotional pain and suffering and other non-economic losses.

15. As a further result of the accident, the Plaintiff has in the past and may in the future be caused to suffer loss of the pleasures and enjoyments of life.

16. As a further result of the accident, the Plaintiff has in the past and may in the future suffer loss of earnings and/or earning capacity to her great financial detriment and loss.

17. As a further result of the accident, the Plaintiff has in the past incurred and may in the future continue to incur medical expenses in an endeavor to treat and cure herself of the injuries sustained in the aforesaid accident, for which a claim is hereby made.

## COUNT I
## MARLO EATON V. THE UNITED STATES OF AMERICA

18. The Plaintiff hereby incorporates paragraphs one through seventeen as though same were fully set forth herein, at length and in full.

19. The United States of America owed a duty to the Plaintiff and violated said duty of care by the following negligent and careless acts:

   a. Failure to regard the point, position and safety of Plaintiff;

   b. Failure to maintain the aforesaid Premises in a safe manner for those lawfully upon said premises;

   c. Failure to fix and/or remedy said dangerous condition in such a way that it would be prevented from occurring in the future;

   d. Allowing said dangerous condition to exist on said area;

e. Failure to post signs indicating that the said area was uneven, un-leveled, and/or damaged as a result of the accumulation and/or deposit of minerals, stone, cement, and/or otherwise;

f. Failure to anticipate the hazard to which the Plaintiff was exposed;

g. Creating a dangerous condition;

h. Failure to properly, adequately and timely remove the accumulation and/or deposit of minerals, stone, cement, and/or otherwise to make the Premises safe;

i. Failure to warn the Plaintiff of the aforesaid dangerous condition of which the Defendant knew or could and should have known in time to have remedied same;

j. Failure to properly light the parking garage;

k. Improper construction of said parking garage;

l. Failure to remedy the defect of the garage to ensure the safety of those lawfully traveling through said location, including the Plaintiff;

m. Failure to barricade said dangerous condition;

n. Failure to inspect; and

o. Failure to properly hire, train and/or instruct Defendant's agents, servants, workmen or employees;

**WHEREFORE,** the Plaintiff demands Judgement against the Defendant in an amount in excess of Arbitration limit.

Respectfully Submitted,

**MATKOFF, SHENGOLD, BURKE,
BLYWEISS & ARBITTIER**

MICHAEL-JOHN GOODNOW, ESQUIRE

## VERIFICATION

I hereby verify that the statements set forth in the foregoing pleading are true and correct to the best of his knowledge, information and belief.

The foregoing statements are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

x_____